# *United States Court of Appeals*

**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

January 06, 2021

Ms. Jeannette Clack
Western District of Texas, Midland
United States District Court
200 E. Wall Street
Room 222
Midland, TX 79701-0000

    No. 20-50985   In re: Eduardo Vizcayno
                       USDC No. 7:20-CV-268

Dear Ms. Clack,

Enclosed is a copy of the judgment issued as the mandate and a copy of the court's opinion.

                        Sincerely,

                        LYLE W. CAYCE, Clerk

                        By: _____
                        Casey A. Sullivan, Deputy Clerk
                        504-310-7642

cc w/encl:
    Mr. Eduardo G. Vizcayno

# United States Court of Appeals
# for the Fifth Circuit

No. 20-50985

In re: Eduardo G. Vizcayno,

*A True Copy*
Certified order issued Jan 06, 2021

*Lyle W. Cayce*
Clerk, U.S. Court of Appeals, Fifth Circuit

*Movant.*

---

Motion for an order authorizing
the United States District Court for the
Western District of Texas to consider
a successive 28 U.S.C. § 2254 application

---

Before Jones, Elrod, and Higginson, *Circuit Judges.*

Per Curiam:

Eduardo G. Vizcayno, Texas prisoner # 2042663, moves for authorization to file a successive 28 U.S.C. § 2254 application concerning his 2015 conviction of intoxication manslaughter. He wishes to assert that he was unfairly targeted by police, and that the state trial court, prosecutors, and his court-appointed attorney conspired to deny his rights by forcing him to plead guilty, based on racial animus.

To the extent Vizcayno seeks to renew claims presented in a previous § 2254 application, we will not consider them. *See* 28 U.S.C. § 2244(b)(1). As to claims not presented in a prior application, Vizcayno must make a prima facie showing that (1) the claim relies on a new rule of constitutional law that was made retroactive to cases on collateral review by the Supreme Court and was previously unavailable, or that (2) the factual predicate for the

claim could not have been discovered previously through the exercise of due diligence, and the underlying facts, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found him guilty of the underlying offense. *See* § 2244(b)(2), (b)(3)(C).

Vizcayno fails to make the required showing. Accordingly, IT IS ORDERED that his motion for authorization to file a successive § 2254 application is DENIED.